**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANUSH ALEKSANDRYAN, | No. 08-72970 |
| Petitioner, | |
| v. | Agency No. A097-603-481 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2013
San Francisco, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Anush Aleksandryan, a native of Iran and citizen of Armenia, petitions for

review of the decision of the Board of Immigration Appeals (BIA). The BIA

affirmed the immigration judge's (IJ) denial of her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(CAT).[1]  The IJ rejected Aleksandryan's claim of past persecution, concluding that she was not credible.  We "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion," when the BIA's order lacks analysis with regard to the IJ's adverse credibility analysis.  *Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2000) (concluding that the BIA's "simple statement of a conclusion . . . suggests that the BIA gave significant weight to the IJ's findings").  We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and deny the petition.

While the IJ cited seven reasons supporting the adverse credibility finding, only one is required to support the adverse credibility determination.  *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).  We find that two of the proffered reasons are supported by specific, cogent reasons which go to the heart of Aleksandryan's asylum claim.  *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004).  In particular, the IJ cited Aleksandryan's inconsistent testimony regarding her participation in the Armenian People's Party and her second arrest. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003).  Substantial evidence supports these findings.  The IJ confronted Aleksandryan on these two

---

[1] Because Aleksandryan filed her application for asylum before May 2005, the REAL ID Act does not apply.  *See* REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231.

perceived inconsistencies and properly rejected her explanations. Accordingly, the record evidence does not compel a reasonable fact-finder to overturn the adverse credibility determination. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998).

In the absence of credible testimony, Aleksandryan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Aleksandryan's CAT claim is based, in part, on the same testimony the BIA found incredible, and she points to no other arguments showing it is more likely than not she will be tortured if returned to Armenia, her CAT claim also fails. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**